UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| RICHARD ALAN STARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:11-cv-0599-TWP-MJD |
| | ) | |
| KONICKI INC., BETH WARREN, and | ) | |
| LESLIE KONICKI, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry and Order Directing Dismissal of Action**

**I.**

The plaintiff=s request to proceed *in forma pauperis* (dkt 2) is **granted.**

**II.**

Because the plaintiff has been granted leave to proceed *in forma pauperis,* his complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). This statute requires that the complaint, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. *Id.* Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

Plaintiff Richard Starr seeks compensatory and punitive damages and unspecified injunctive relief from the defendants Konicki, Inc., Beth Warren, and Leslie Konicki. Starr alleges:

> [P]laintiffs vindication of his Civil Rights that have left him (male victim) unvindicated for violations of gender bias motivated crimes of violence.
> . . .

> A ʻclass basedʼ invidiously discriminatory animus is behind the conspiritors [sic] action as the court records reflect. That the actions were clearly a product of bias and prejudice of the court.

Starr then lists without elaboration various docket numbers and states: ʻThese Judges through their private conduct in conspiracy with lawyer defendants caused the court to effectuate Plaintiff to ʼcompulsory involuntary servitude.ʼʻ

The sufficiency of a complaint is governed by Federal Rule of Civil Procedure 8(a). *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). "A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008)(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

It has been noted that "dismissal of a complaint on the ground that it is unintelligible is unexceptionable." *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001). Starrʼs complaint is unintelligible, rendering it subject to dismissal pursuant to 28 U.S.C. ' 1915(e)(2)(B).

### III.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/17/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Richard Alan Starr
P.O. Box 538
Frankton, IN 46044